Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| RICARDO MACHADO MARISCAL DE GANTE, MARÍA DEL MAR MACHADO MARISCAL DE GANTE, Y, MARÍA TERESA MACHADO MARISCAL DE GANTE<br><br>DEMANDANTES-RECURRIDOS<br><br>V.<br><br>**NORMA MACHADO ORTIZ**, RICARDO FELIPE MACHADO ORTIZ,<br><br>DEMANDADA-PETICIONARIA<br><br>V.<br><br>NORMA AECIA ORTIZ COLÓN, RICHARD MACHADO ORTIZ, MARÍA DE LOS A. MACHADO LUNA, CARIDAD PRIMOLA GALINDO<br><br>PARTE INDISPENSABLE-RECURRIDOS<br><br>V.<br><br>IVONNE MACHADO SÁNCHEZ Y GABRIELA SOFÍA DEREQUESENS MACHADO<br><br>TERCEROS DEMANDADOS-RECURRIDOS | TA2026CE00315 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2025CV00330<br><br>Sobre: Aceptación, Renuncia, Remoción o Sustitución del Albacea, Aceptación, Renuncia, Remoción o Sustitución del Contador Partidor |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagan Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2026.

**I.**

El 13 de marzo de 2026, la señora Norma Machado Ortiz, en capacidad de ejecutora universal (peticionaria), presentó un recurso

de *Certiorari* en el que nos solicitó que revoquemos dos (2) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 20 de noviembre de 2025, y otro el 21 de noviembre de 2025, ambos notificados y archivados digitalmente en autos el mismo día de emitidos.[1] En el primero, el TPI emitió una *Sentencia Parcial* en la que desestimó la primera causa de acción de la *Demanda*, relacionada a la alegada incapacidad de la señora Norma Machado Ortiz para aceptar el cargo de ejecutora universal, y las causas de acción presentadas por el señor Richard Machado Ortiz, relacionadas a la impugnación de poderes duraderos y nulidad de las transacciones realizadas por los coapoderados, la señora Norma Machado Ortiz y el señor Ricardo Felipe Machado Ortiz. En el segundo, el foro primario resolvió varias controversias traídas ante su consideración ante una solicitud de orden provisional para asegurar la efectividad de la sentencia al amparo de la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1.

El 16 de marzo de 2026, emitimos una *Resolución* en la que le concedimos a las partes recurridas hasta el 24 de marzo de 2026 para exponer sus posiciones sobre los méritos del recurso.[2]

El 23 de marzo de 2026, el señor Ricardo Felipe Machado Ortiz presentó una *Moción en cumplimiento de orden respecto al Certiorari*.[3] Este indicó que adopta por referencia todo lo expuesto en el recurso de *certiorari* presentado por la peticionaria y, está a favor de que se expida el auto peticionado y se revoquen ambos dictámenes recurridos.

---

[1] Véase entradas núm. 245 y 247 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).
[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 3.

El 24 de marzo de 2026, los hermanos Ricardo, María Teresa y María del Mar Machado Mariscal de Gante (hermanos Machado Mariscal de Gante), partes recurridas, presentaron un *Memorando en Oposición a la Expedición del Auto de certiorari.*[4]

El mismo día, la señora María de los Ángeles Machado Luna y la señora Caridad Galindo Primola, partes recurridas, presentaron una *Oposición a Petición de Certiorari.*[5]

También, el mismo día, el señor Richard Machado Ortiz, parte recurrida, presentó un *Alegato en Oposición a la Expedición del Auto de Certiorari.*[6]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes para su atención.

**II.**

El caso de marras tuvo su génesis el 23 de enero de 2025, cuando los hermanos Machado Mariscal de Gante, en calidad de herederos del Dr. Richard Marchado González (causante), quien falleció testado el 27 de junio de 2024, presentaron una *Demanda* en contra de la peticionaria y el señor Ricardo Felipe Machado Ortiz y de las demás partes recurridas, como partes indispensables, sobre remoción de ejecutor testamentario, remoción de ejecutor testamentario sustituto, nombramiento de albacea, petición de administración judicial, partición de herencia sobre la sucesión del causante, daños y perjuicios.[7] Los hermanos Machado Mariscal de Gante, la señora Norma Machado Ortiz, el señor Ricardo Felipe Machado Ortiz, el señor Richard Machado Ortiz, la señora María de los Ángeles Machado Luna y la señora Caridad Primola Galindo son

---

[4] Íd., entrada núm. 4.
[5] Íd., entrada núm. 7.
[6] Íd., entrada núm. 8.
[7] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.

descendientes del causante y la señora Norma Aecia Ortiz Colón es su viuda.

Mediante esta *Demanda*, impugnaron la capacidad de la peticionaria para aceptar el cargo de ejecutora universal, debido a su alegada imposibilidad para obligarse libre e imparcialmente para ejecutar sus deberes, por su presunta animosidad hacia los demás herederos. Además, solicitaron la remoción del ejecutor universal sustituto, el señor Ricardo Felipe Machado Ortiz, por alegado incumplimiento y mal desempeño de sus obligaciones, en unión al uso malicioso de sus facultades.

Luego de varios trámites procesales, innecesarios pormenorizar, el 27 de mayo de 2025, los hermanos Machado Mariscal de Gante presentaron una *Solicitud de Orden Provisional para Asegurar la Efectividad de la Sentencia*.[8] Suplicaron al tribunal que, al amparo de la Regla 56.1 de Procedimiento Civil, *supra*, ordenara llevar a cabo una serie de actos de producción de documentos señaladas en la misma moción, con relación a la partición de la herencia del causante, hasta tanto se resuelva la legalidad del nombramiento de la peticionaria, como ejecutora testamentaria, y del señor Ricardo Felipe Machado Ortiz, como sustituto. Además, solicitaron que se nombrara un administrador judicial temporal para que ejecute las acciones solicitadas.

Entre tanto, el 25 de junio de 2025, la peticionaria presentó una *Moción para que se dicte Sentencia Sumaria Parcial*.[9] Alegó que, en este caso, las únicas controversias por resolver eran: 1) la liquidación de la comunidad de bienes post ganancial del causante y la señora Norma Aecia Ortiz Colón y 2) la partición de la herencia del causante. Arguyó que, el resto de las causas de acción fueron dilucidadas y resueltas en la *Sentencia* de 25 de junio de 2024, en

---

[8] Íd., entrada núm. 66.
[9] Íd., entrada núm. 129.

el caso ***Richard Machado Ortiz Ex Parte***, BY2020RF01044. En consecuencia, solicitó la desestimación de las primeras seis (6) causas de acción de la *Demanda,* por constituir cosa juzgada.

El 26 de junio de 2025, el TPI celebró una vista.[10] En primer lugar, señaló que el descubrimiento de prueba por las partes no había comenzado. Entretanto, el foro primario determinó que las causas principales del pleito eran: la impugnación del testamento, la descalificación del albacea y la partición de la herencia. Entre otras cosas, como los planteamientos sobre la alegada incapacidad de la peticionaria, la validez del poder duradero que tiene tanto la peticionaria como el señor Ricardo Felipe Machado Ortiz, y la posibilidad de nombramiento de un defensor judicial para la señora Norma Aecia Ortiz Colón, el foro primario atendió la solicitud de orden provisional para asegurar la efectividad de la sentencia presentada por los hermanos Machado Mariscal de Gante. Además, indicó que utilizaría la fecha, a partir del fallecimiento del causante, para la información de las cuentas solicitadas, a no ser que pongan en posición al tribunal de expandir la fecha.

El 6 de julio de 2025, los hermanos Machado Mariscal de Gante y el señor Richard Machado Ortiz, la señora María de los Ángeles Machado Luna y la señora Caridad Primola Galindo, conjuntamente, presentaron una *Solicitud de Extensión del Periodo del Descubrimiento de Prueba.*[11] Alegaron que, limitar el descubrimiento de prueba, al periodo posterior al fallecimiento del causante, les impediría indagar y probar el patrón de actos de administración previos, a juicio de estos, pertinentes a las alegaciones incoadas sobre la peticionaria. Arguyeron que, dicha limitación constituye un grave perjuicio para los herederos, que no han tenido control alguno sobre la administración del caudal relicto

---

[10] Íd., entrada núm. 146. *Minuta* de la vista celebrada el 26 de junio de 2025.
[11] Íd., entrada núm. 149.

del causante, ni acceso directo a los activos o transacciones llevadas a cabo, por quienes, en su calidad de apoderados, fungieron como administradores *de facto* del patrimonio familiar. Por lo cual, suplicaron que, el periodo de descubrimiento de prueba se extendiera, al menos, desde el año 2018 hasta el presente. Además, solicitaron que, se emitieran órdenes a instituciones bancarias, de corretaje de valores y de gobierno para que provean los documentos requeridos comprendidos dentro de dicho periodo.

El 10 de julio de 2025, el señor Richard Machado Ortiz presentó una *Moción fijando posición del codemandado Richard Machado Ortiz con relación a la "Moción de Sentencia Sumaria Parcial (SUMAC 129) radicada de forma prematura.*[12] Alegó que, la solicitud de sentencia sumaria presentada por la peticionaria es prematura, improcedente en derecho y perjudicial al debido proceso de ley, dado que, el descubrimiento de prueba no había concluido. Arguyó que, era necesario realizar un adecuado descubrimiento de prueba y contar con prueba suficiente para poder presentar la oposición a la referida solicitud de sentencia sumaria parcial. Por lo cual, solicitó al tribunal que pospusiera la consideración de la solicitud hasta tanto se concluyera el descubrimiento de prueba.

Asimismo, el 20 de julio de 2025, los hermanos Machado Mariscal de Gante presentaron una *Oposición a Moción de Sentencia Sumaria Parcial.*[13] Por su parte, arguyeron que no procede la aplicación de la doctrina de cosa juzgada a este caso, al no cumplirse sus requisitos esenciales. Alegaron que la incapacidad de la peticionaria para aceptar el cargo de ejecutora universal o de su hermano como sustituto no fue tratado en la referida Sentencia en el caso **BY2020RF01044**, toda vez que el objetivo de ese caso era examinar la capacidad del causante. Además, alegaron que las

---

[12] Íd., entrada núm. 162.
[13] Íd., entrada núm. 171.

determinaciones que la peticionaria solicita que se adopten son irrelevantes a las causas de acción de la *Demanda.* Asimismo, aludieron a que el descubrimiento de prueba no ha comenzado por lo que sostuvieron que la solicitud era prematura.

El 20 de agosto de 2025, los hermanos Machado Mariscal de Gante presentaron una *Solicitud de Cumplimiento de Órdenes.*[14] Solicitaron que se emitiera una orden a los fines de que la peticionaria cumpliera con las órdenes emitidas durante la vista del 26 de junio de 2025, al amparo de la Regla 56.1 de Procedimiento Civil, *supra.* Señalaron que, la moción en solicitud de orden provisional para asegurar la efectividad de la sentencia se presentó dentro del marco legal de una petición de un remedio interdictal y no bajo las disposiciones sobre el descubrimiento de prueba.

El 25 de agosto de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar dicha solicitud de la parte recurrida.[15]

El 8 de septiembre de 2025, los hermanos Machado Mariscal de Gante presentaron una *Moción de Reconsideración.*[16] Adujeron que, la contestación de la peticionaria al requerimiento de producción de documentos fue incompleta y evasiva, realizada impropiamente mediante un escrito titulado *Al expediente judicial,* induciendo a error al tribunal, haciendo parecer la misma como un incidente dentro del proceso de descubrimiento de prueba. Por su parte, arguyeron que, el cumplimiento con las órdenes emitidas durante la vista no puede estar supeditado al descubrimiento de prueba. Expresaron, además, que, la redacción de la orden previa no atiende la cuestión central planteada en el escrito por lo que solicitaron al tribunal que adjudicara por separado la procedencia de cada una de las solicitudes de órdenes sometidas.

---

[14] Íd., entrada núm. 194.
[15] Íd., entrada núm. 199.
[16] Íd., entrada núm. 206.

El 14 de octubre de 2025, la peticionaria presentó una *Oposición a Solicitud de Extensión del Periodo del Descubrimiento de Prueba.*[17] Esta rechazó las imputaciones formuladas en su contra sobre faltas éticas, violaciones al deber de fiducia y malos manejos de fondos. En cuanto a la extensión del periodo de descubrimiento de prueba, alegó que, los eventos previos a la muerte del causante están relacionados más bien con la validez de los poderes duraderos que otorgaron los esposos Machado-Ortiz, ya resuelto por otra sala y que el descubrimiento de prueba que persigue la parte demandante y recurrida se trata de hechos claramente inmateriales a las tres (3) causas de acción en las que se puede resumir el caso de epígrafe. Por lo cual, sostuvo que, no es meritorio abrir el descubrimiento de prueba a los años previos a la muerte del causante, sino que los hechos relevantes para dilucidar los asuntos de este caso son aquellos ocurridos a partir de su muerte.

Ese mismo día, la peticionaria presentó una *Oposición a Moción de Reconsideración.*[18] Alegó que todos los documentos responsivos a sus requerimientos fueron producidos y, que la solicitud de reconsideración se trata, en realidad, de una solicitud de información suplementaria. Ante ello, argumentó que no se debe permitir que se amplíe, modifique y/o suplemente los requerimientos de producción de documentos, sin utilizar los mecanismos apropiados de descubrimiento de prueba.

El 20 de noviembre de 2025, el TPI emitió una *Sentencia Parcial* en la que declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por la parte peticionaria.[19] Sin embargo, ordenó la desestimación de la causa de acción relacionada con la alegada

---

[17] Íd., entrada núm. 214.
[18] Íd., entrada núm. 215.
[19] Íd., entrada núm. 245.

incapacidad de la peticionaria para aceptar el cargo de albacea, por fundamentos distintos a los planteados por ésta en su solicitud.

Concluyó que, entre el aludido caso BY2020RF01044 y el caso de epígrafe, no concurre la identidad de cosas, causas, personas de los litigantes ni en la calidad en que lo fueron por lo que no procede la desestimación de las causas de acción conforme a la doctrina de cosa juzgada.

El 21 de noviembre de 2025, el TPI emitió una *Resolución* con relación a la solicitud de extensión del periodo de descubrimiento de prueba.[20] En esta, hizo una serie de determinaciones sobre las controversias que le fueron planteadas sobre la producción de documentos en virtud de la solicitud de orden provisional en aseguramiento de la sentencia.

El foro primario declaró Ha Lugar la solicitud para que el descubrimiento de prueba se extendiera a un periodo previo a la muerte del causante y autorizó la solicitud de orden a instituciones financieras y de corretaje para la entrega de informes financieros de las cuentas del causante desde el 2018 hasta el presente. Asimismo, ordenó a la peticionaria proveer copia de los contratos suscritos como apoderada; del contrato de servicios profesionales para la prestación de servicios de representación legal del presente caso; copia de los informes, la correspondencia y memorandos sometidos por los terceros contratados por ella como coapoderada y ejecutora testamentaria; copia de las facturas pagadas por los servicios que contrató como coapoderada y ejecutora testamentaria. También, ordenó a la peticionaria y al señor Ricardo Felipe Machado Ortiz presentar una declaración jurada en la que enumeraran la totalidad de las donaciones que recibieron del causante; copia de los estados mensuales de las cuentas de banco individuales y mancomunadas

---

[20] Íd., entrada núm. 247.

de su causante y su esposa la señora Norma Aecia Ortiz Colón, de sus corporaciones, compañías de responsabilidad limitada, sociedades y fideicomisos y/o cualquier otra persona natural o jurídica en su propiedad o control en el periodo comprendido entre el 2 de julio de 2020 hasta el presente; copias de los estados de cuenta correspondientes a las cuentas cerradas en el Banco Chase Manhattan. También, ordenó a la peticionaria acreditar el depósito de los fondos retirados de la cuenta núm. 842-97100 de la entidad JP Morgan (NY) Investment en la cuenta de inversiones de Oriental Bank, cuyo número termina en 9479; entrega de los estados de cuenta del causante cuyo número termina en -7649 del Oriental Bank.

El 5 de diciembre de 2025, la parte peticionaria presentó una *Solicitud de Determinaciones de hechos adicionales bajo las Reglas 36.4 y 43 de Procedimiento Civil y Reconsideración Parcial bajo la Regla 47*.[21] Solicitó que se emitan determinaciones de hechos adicionales, a los efectos de que se atiendan los hechos propuestos en su moción de sentencia sumaria y se determine cuáles son los hechos que, realmente y de buena fe, están controvertidos. Asimismo, solicitó al tribunal que reconsidere su dictamen, a base de los hechos que alegó que no están controvertidos. Arguyó que, la *Demanda* no contiene hechos demostrativos respecto a ninguna de las causales en su contra.

Ese mismo día, la peticionaria presentó una *Moción de Reconsideración*.[22] Adujo que, la mayoría de las solicitudes de la parte demandante y recurrida, constituyen descubrimiento de prueba que está en manos de terceros. Arguyó que el foro primario debió rechazar la solicitud de reconsideración y que cualquier solicitud de documentos debía ser a través de la Regla 31 de

---

[21] Íd., entrada núm. 266.
[22] Íd., entrada núm. 269.

Procedimiento Civil, *supra*, R. 31, o la Regla 40 Procedimiento Civil, *supra*, R. 40.

El 10 de febrero de 2026 y notificada el 11 de febrero de 2026, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de determinaciones adicionales y de reconsideración presentada por la parte peticionaria.[23]

En iguales fechas, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de reconsideración presentada por la parte peticionaria.[24]

El 13 de marzo de 2026, la parte peticionaria presentó el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia al permitir un descubrimiento de prueba desproporcionado, impertinente y contrario a las Reglas de Procedimiento Civil.**
>
> **El Tribunal de Primera Instancia erró al declarar no ha lugar la reconsideración de la Sentencia Parcial, pues dejó sin corregir una determinación que ignoró el efecto de cosa juzgada y/o impedimento colateral por la sentencia final y firme dictada en el caso BY2020RF01044.**
>
> **El Tribunal de Primera Instancia incumplió con el mandato de la Regla 36.4 de Procedimiento Civil y permitió la continuación de causas de acción que, por su naturaleza, son improcedentes, prematuras o carentes de controversia material real.**

En síntesis, alegó que, el foro primario permitió que el caso continuara bajo premisas que ignoran hechos previamente adjudicados mediante sentencia firme y que autorizan un descubrimiento de prueba desproporcionado, impertinente y contrario a derecho.

---

[23] Íd., entrada núm. 317.
[24] Íd., entrada núm. 319.

En primer lugar, alegó que el foro primario permitió una serie de requerimientos que convirtieron al tribunal en un vehículo para conducir un descubrimiento de prueba que, según las Reglas de Procedimiento Civil, *supra*, debe llevarse a cabo de forma extrajudicial entre las partes. Adujo que la parte recurrida solicitó un descubrimiento de prueba amplio e indiscriminado. Manifestó que permitir un descubrimiento retroactivo a los años previos al fallecimiento del causante no solo resulta innecesario, sino que inevitablemente dilataría aún más la resolución del pleito. Arguyó, además, que, las solicitudes concedidas por el foro primario corresponden a información que no se encuentra bajo el control de la peticionaria sino en manos de terceros, específicamente, en manos de instituciones financieras para lo que la parte recurrida tiene el mecanismo de la Regla 40 de Procedimiento Civil, *supra.*

En segundo lugar, adujo que, en el caso **BY2020RF01044** se litigó la controversia sobre la capacidad del causante al momento de otorgar el poder duradero y que los mismos hechos fueron planteados por la peticionaria, pero descartados erróneamente por el TPI. Sostuvo que en este segundo pleito procede, como mínimo, la aplicación del impedimento colateral por sentencia. Arguyó que el TPI no aplicó rigurosamente las Reglas 36.4 y 43 de Procedimiento Civil, *supra*, R. 36.4 y R. 43 y permitió que el caso continuara como si todo estuviera nuevamente sujeto a prueba.

Por último, arguyó que las segunda, tercera y cuarta causas de acción quedaron desmentidas por el propio expediente; la quinta causa de acción era prematura y no justiciable; y la sexta carecía de prueba suficiente de daño real.

El señor Felipe Machado Ortiz presentó una moción mediante la cual adoptó por referencia los argumentos expuestos en la petición de *certiorari* y suplicó la revocación de los dictámenes recurridos.

Por su parte, los hermanos Machado Mariscal de Gante presentaron una oposición a la expedición del recurso. Alegaron que, la peticionaria intenta que se revisen dos resoluciones que tratan asuntos distintos. Además, expresaron que el expediente no cuenta con un apéndice completo por lo que no estamos en posición de revisar correctamente la *Resolución* recurrida. Por ello, arguyeron que procede la desestimación del recurso. Adujeron que una controversia sobre el alcance del descubrimiento de prueba no es revisable mediante un recurso de *certiorari*. Por su parte, sostienen que la información solicitada es pertinente para la adjudicación de las alegaciones de la demanda.

Asimismo, María de los Ángeles Machado Luna y Caridad Galindo Primola presentaron su oposición y solicitaron que rechacemos el recurso, al menos de la revisión de la *Sentencia Parcial*, por falta de jurisdicción. Alegaron que, la parte peticionaria acumuló en un solo recurso de *certiorari* dos determinaciones distintas en su naturaleza y alcance. Adujeron que, carecemos de jurisdicción para revisar la sentencia parcial toda vez que el vehículo procesal disponible para revisarla es una apelación.

Respecto al descubrimiento de prueba, arguyeron que la determinación del TPI está justificada y no constituye abuso de discreción. Asimismo, sostuvo que, en este caso, no se cumplen con los requisitos para invocar la defensa de cosa juzgada porque no existe identidad entre las causas. Señaló que el pleito anterior, trataba sobre la capacidad del causante al momento de otorgar un poder duradero y este sobre la adjudicación y partición del caudal hereditario del causante, así como también sobre la remoción de ejecutora universal y petición de administración judicial.

También, el señor Richard Machado Ortiz presentó su oposición a la expedición del recurso. Adujo que, las informaciones y documentos ordenados a producir no son arbitrarios, sino que

responden directamente a las alegaciones de incumplimiento fiduciario, a la necesidad de reconstruir el tracto patrimonial del causante y a la obligación de la ejecutora de rendir cuentas de su gestión. Además, aludió a que, las ordenes de producción de documentos se amparan en la Regla 56.1 de Procedimiento Civil, supra, cuyo propósito es preservar los derechos de los coherederos mientras se dilucida el pleito.

Asimismo, alegó que, limitar el descubrimiento de prueba al periodo posterior al fallecimiento del causante tendría el efecto práctico de excluir del escrutinio judicial precisamente el periodo más crítico para evaluar posibles actuaciones incompatibles con los deberes fiduciarios, incluyendo escenarios de manejo indebido o posibles actos de explotación financiera. También, arguyó que la peticionaria hizo una acumulación indebida de la resolución y la sentencia parcial, en un solo recurso y que, además, omitió la presentación de documentos esenciales en el apéndice, privando a este tribunal de jurisdicción para atender al menos una de las determinaciones recurridas.

Pormenorizado el trámite procesal pertinente a la controversia presentada por la petición de *Certiorari* de epígrafe, en adelante consignamos el derecho aplicable.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para

autorizar su expedición y adjudicación. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[25]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371, 394 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

---

[25] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

conclusión justiciera". *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.,* supra. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

La Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1, regula el amplio alcance que poseen las partes en el descubrimiento de prueba, el cual se permite sobre cualquier materia no privilegiada que sea pertinente al caso en controversia. En esencia, el descubrimiento de prueba es el mecanismo disponible para que las partes obtengan hechos, documentos y otras cosas que están en poder de la otra o que son del exclusivo conocimiento de esta y son necesarias para hacer valer sus derechos. *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021), citando a I. Rivera

García, *Diccionario de términos jurídicos*, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70.

Como mecanismo, responde al principio básico de que las partes tienen derecho a descubrir, previo al juicio, toda la información relacionada con su caso, independientemente de quién la posea. **Rivera y otros v. Bco. Popular**, 152 DPR 140, 152 (2000). En ese sentido, tiene como propósito: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. **Rivera Gómez v. Arcos Dorados Puerto Rico**, 212 DPR 194, 203 (2023) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, págs. 333–334).

Es norma reiterada en nuestro ordenamiento jurídico que, el descubrimiento de prueba debe ser amplio y liberal. **Izquierdo II v. Cruz**, 213 DPR 607, 616 (2024); **Rivera et al. v. Arcos Dorados et al.**, 212 DPR 194, 203 (2023). Cónsono con ello, los foros primarios tienen amplia discreción para regularlo, mientras que los foros apelativos no deben intervenir con esa discreción, a menos que medie prejuicio, parcialidad o error manifiesto en la aplicación de normas procesales o sustantivas. **Cruz Flores et al. v. Hosp. Ryder et al.**, 210 DPR 465, 496 (2022).

### C.

Una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación, sino también, en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad justa de ser oída. **Comisión de los Puertos de Mayagüez v. González Freyre,** 211 DPR 579 (2023) (citando a **Marrero Rosado v. Marrero Rosado,** 178 DPR 476 (2010)). De igual modo, como general, un acuerdo tiene el efecto de cosa

juzgada entre las partes. *Díaz Rodríguez v. García Neris,* 208 DPR 706 (2022).

Ahora bien, la defensa de cosa juzgada no opera de manera automática. No debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77 (2002). *Pagán Hernández v. U.P.R.,* 107 DPR 720 (1978). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. *Ortiz Matías v. Mora Development,* 187 DPR 649 (2013). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. *Presidential v. Transcaribe*, 186 DPR 263 (2012). Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones surgen de la misma transacción o núcleo de hechos. *Presidential v. Transcaribe*, supra. En cuanto a cosa, se refiere al objeto o la materia sobre la cual se ejercita la acción, aunque haya disminuido o alterado. *Presidential v. Transcaribe*, supra. En este contexto, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. *Presidential v. Transcaribe*, supra.

En armonía con lo anterior, la referida doctrina abarca la modalidad de impedimento colateral. El Tribunal Supremo de Puerto Rico establece que el impedimento colateral por sentencia "surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final". *Bacardí Corporation v. Torres Arroyo,* 202 DPR 1014, 1025 (2019); *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753,

762 (1981). Esta vertiente no requiere el cumplimiento de identidad de causa. **Beníquez v. Vargas**, 184 DPR 210 (2012). No obstante, no procede su aplicación cuando: (1) la parte no ha tenido la oportunidad de litigar previamente el asunto, o (2) pudiendo haber litigado el asunto en la primera acción, éste no fue litigado o adjudicado en el pleito anterior o (3) cuando ese litigante no ha resultado ser la parte perdidosa en el pleito anterior. **Beníquez v. Vargas**, supra.

### D.

La Regla 56 de Procedimiento Civil, *supra*, R. 56, establece los remedios provisionales que un demandante puede solicitar para asegurar la efectividad de una sentencia que ha obtenido a su favor o anticipa obtener. **Banco Popular de Puerto Rico v. Gómez Alayón**, 213 DPR 314, 331 (2023) ; **Citibank v. ACBI**, 200 DPR 724, 731 (2018). Para ello, antes o después de la sentencia, la parte reclamante podrá solicitarle al tribunal mediante moción aquel remedio que sea necesario para asegurar la efectividad de la sentencia. Véase, Regla 56.1 de Procedimiento Civil, *supra*, R. 56.1; **Citibank v. ACBI**, supra. Entre las medidas provisionales disponibles están "el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso.". Véase, Regla 56.1 de Procedimiento Civil, *supra*; véase, además, **Scotiabank de Puerto Rico v. ZAF Corporation**, 202 DPR 478, 488 (2019); **Citibank v. ACBI**, *supra*, págs. 731-732; **Nieves Díaz v. González Massas**, 178 DPR 820, 840 (2010). La lista anterior, no obstante, no es taxativa, pues el tribunal tiene discreción de ordenar cualquier otra medida que estime

apropiada. ***Scotiabank de Puerto Rico v. ZAF Corporation***, supra, pág. 489; ***Citibank v. ACBI***, supra, pág. 732. Por lo tanto, "cuando un tribunal tiene ante su consideración una solicitud de remedio provisional en aseguramiento de sentencia, las disposiciones aplicables se deben interpretar con amplitud y liberalidad, concediendo el remedio que mejor asegure la reclamación y que menos inconvenientes ocasione al demandado". ***Citibank v. ACBI***, supra, pág. 732.

**IV.**

En este caso, la parte peticionaria argumenta que el TPI incidió al autorizar que el descubrimiento de prueba se extendiera a un periodo previo al fallecimiento del causante, cuando la controversia gira en torno a la impugnación de testamento, la remoción de la ejecutora universal y la liquidación de la sociedad legal de gananciales y partición de herencia. También, alega que, en virtud de la sentencia final emitida en el caso **BY2020RF01044**, varias de las causas de acción del caso de epígrafe, respecto a la capacidad del causante y la validez del poder duradero, no pueden mantenerse por aplicación de la doctrina de cosa juzgada o por impedimento colateral por sentencia.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora, en esta etapa de los procedimientos.

El ordenamiento procesal vigente no nos faculta a intervenir, ni revisar una determinación sobre el alcance del descubrimiento de prueba, mediante el mecanismo de *certiorari.* Tampoco surge del voluminoso expediente digital, ante el TPI y ante este foro, que exista alguna de las instancias procesales en las que podemos intervenir.

Por lo cual, no intervendremos con las determinaciones recurridas, en esta etapa de los procedimientos.

**V.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones